UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE NOWLING,<br><br>        Petitioner,<br><br>v.<br><br>AMY MILLER, Warden,<br><br>        Respondent. | Civil No.14-0226-MMA(WVG)<br><br>REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS<br>(DOC. NO. 7) |

Kyle Nowling ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent Amy Miller ("Respondent") has filed a Motion to Dismiss the Petition. Petitioner has filed an Opposition to the Motion to Dismiss.

The Court, having reviewed Petitioner's Petition, Respondent's Motion to Dismiss, Plaintiff's Opposition, and the lodgments presented therewith, finds that Petitioner is not entitled to the relief requested and that Petitioner's Petition is barred by the statute of limita-

tions. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

# I

# PROCEDURAL HISTORY

On January 10, 2011, a San Diego Superior Court jury found Petitioner guilty of three counts of first degree robbery in violation of California Penal Code §§ 211, 213(a)(1)(A), one count of kidnapping in violation of California Penal Code § 207(a), and one count of kidnapping for ransom in violation of California Penal Code § 209(a). The jury found true that in three of the offenses, Petitioner personally used a firearm in the commission of those offenses in violation of California Penal Code §§ 12022.5(a), 12022.53(b). (Respondent's Lodgment No. 2 at 9-12, 79-83, 150-154).

On February 22, 2011, the trial court sentenced Petitioner to an indeterminate term of 16 years to life in prison and a concurrent determinate term of 16 years in prison. (Respondent's Lodgment No. 2 at 107-110, 156-157).

Petitioner appealed his convictions and sentence to the California Court of Appeal. (Respondent's Lodgment No. 3). On March 13, 2012, the Court of Appeal affirmed Petitioner's convictions and directed the trial court to issue an abstract of judgment and determine whether to impose the upper, middle, or lower term for one of the enhancements. (Respondent's Lodgment No. 9).

Petitioner did not appeal the Court of Appeal's decision to the California Supreme Court.

On November 7, 2012, Petitioner constructively[1] filed a Petition For Writ Of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 11). On January 17, 2013, the Superior Court denied the Petition. (Respondent's Lodgment No. 12).

On February 27, 2013, Petitioner filed a Petition For Writ Of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgments Nos. 13, 14). On March 14, 2013, the Court of Appeal denied the Petition because, *inter alia,* the Petition was not verified. (Respondent's Lodgment No. 15).

On May 8, 2013,[2] Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. (Respondent's Lodgment No. 16). On May 15, 2013, the California Supreme Court returned the Petition to Petitioner because it was unsigned. (Respondent's Lodgment No. 18).[3] Petitioner returned the Petition to the California Supreme Court signed, but undated. On May 28, 2013, the Petition was filed. On October 2, 2013, the California Supreme Court denied the Petition without comment. (Respondent's Lodgment No. 20).

---

[1] The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack, 487 U.S. 266(1988).

[2] Included with the Petition for Writ of Habeas Corpus is a proof of service dated May 8, 2013.

[3] The letter states: "We are hereby returning *unfiled* your petition for writ of habeas corpus  received on May 13, 2013. We must have an original signature. Please sign the form at the place indicated and return it with the enclosed copy of this letter so that it may be *properly filed*." Petitioner returned the Petition signed, but undated. The Petition was filed on May 28, 2013. (emphasis added) (Respondent's Lodgment No. 19).

On January 24, 2014, Petitioner filed the Petition for Writ of Habeas Corpus that is now before this Court.

## II

## PETITIONER'S PETITION IS BARRED
## BY THE STATUTE OF LIMITATIONS

### 1. The AEDPA's One-Year Statute of Limitations

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). Therefore, because the Petition was filed on January 24, 2014, the AEDPA applies to this case.

Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), *overruled on other grounds by* Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief." Id.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited. The AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners to file habeas

corpus petitions in federal court. Section 2244(d) states, in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner did not appeal the California Court of Appeal's decision regarding his convictions and sentence to the California Supreme Court. If a petitioner does not appeal the state court judgment, his conviction becomes final on the date on which the time for filing such an

appeal expired. U.S. v. Garcia, 210 F.3d 1058 (9th Cir. 2000); Miller v. Adams, 2009 WL 6526009 at *2 (S.D. Cal. 2009). In California, a conviction becomes final 40 days after the Court of Appeal's decision. Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002), overruled on other grounds Pace v. DiGuglielmo, 544 U.S. 408 (2005).

On March 13, 2012, the Court of Appeal issued its decision. Forty days later is April 22, 2012.

Therefore, absent tolling, Petitioner had one year or until April 22, 2013, to file his Petition For Writ of Habeas Corpus in this Court. However, as explained in detail below, Petitioner waited over one year to file the Petition that is now before the Court, thus making it untimely and barred by the statute of limitations.

Petitioner filed several petitions for post-conviction relief in the California Superior, Appellate and Supreme Courts. The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. Under the holding of Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge," provided the petitions were properly filed and pending during that entire time. The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral

challenge is filed because there is no case "pending" during that interval. Nino, 183 F.3d at 1006

The meaning of the terms "properly filed" and "pending" in Nino have been clarified by the United States Supreme Court. In Artuz v. Bennett, 531 U.S. 4, 8 (2000), the Court explained that when an application is "properly filed" for purposes of 2244(d)(2) differs from when it is "filed."

> An application is 'filed' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

State law governs whether a pleading filed in state court was "properly filed." Pace, 544 U.S. at 417 (state law used to determine when a pleading filed in a state court is "properly filed" in deciding whether a petition for writ of habeas corpus was timely filed), See also Allen v. Siebert, 552 U.S. 3, 6 (2007), Bonner v. Carey, 425 F.3d 1145, 1148-1149 (2005).

California Penal Code § 1474 requires that a petition for writ of habeas corpus "to be verified by oath or affirmation of the party making the application." California Penal Code § 1475 states: "Every application for a writ of habeas corpus must be *verified*." (emphasis added). Therefore, a verification is a condition to filing under California law. Zepeda v. Walker, 581 F.3d 1013, 1017 (9th

Cir. 2009), citing <u>Pace</u>, 544 U.S. at 415, <u>Payan v. Herndon</u>, 2009 WL 5576328 at *7, n. 5 (C.D. Cal. 2009).

Petitioner's first petition for relief after his convictions and sentence became final was filed on November 7, 2012 in the San Diego Superior Court. On January 17, 2013, the Superior Court denied the Petition. From April 22, 2012 (the date Petitioner's convictions and sentence became final) to November 7, 2012, (the date Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court) (**200 days)**, the statute of limitations was **not tolled** because there was no case pending during that interval. <u>Nino</u>, 183 F.3d at 1006.

On February 27, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. However, the Petition to the California Court of Appeal was not "properly filed" because it was unverified. For this reason, *inter alia*, the Petition was denied.

The Court notes that the California Court of Appeal's decision offered alternative grounds for the denial of the Petition. However, a state court's alternative rulings do not make the Petition "properly filed" under state law. <u>Carey v. Scaffold</u>, 536 U.S. 214, 225-226 (2002), <u>Bonner</u>, 425 F.3d at 1149, n. 19.

On May 8, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. However, the California Supreme Court returned the unfiled Petition to Petitioner because it was unsigned. The California Supreme Court informed Petitioner that to have his Peti-

tion properly filed, he had to sign it. Consequently, the Petition was not properly filed on May 8, 2013. Petitioner returned the Petition signed, but undated. The Petition was properly filed on May 28, 2013. On October 2, 2013, the California Supreme Court denied the Petition.

The Court determines that from January 17, 2013 (the date the San Diego Superior Court denied Petitioner's Petition for Writ of Habeas Corpus) to May 28, 2013 (the date Petitioner properly filed his Petition for Writ of Habeas Corpus in the California Supreme Court), the statute of limitations was not tolled for **131 days** because the Petition filed in the California Court of Appeal on February 27, 2013 and the Petition filed in the California Supreme Court on May 8, 2013, were not "properly filed." Pace, 544 U.S. at 417, Allen, 552 U.S. at 6, Bonner, 425 F.3d at 1148-1149.

From May 28, 2013 (the date Petitioner properly filed a Petition for Writ of Habeas Corpus in the California Supreme Court) to October 2, 2013 (the date the California Supreme Court denied the properly filed Petition), the statute of limitations was tolled because Petitioner was properly pursuing his state court remedies.[4]

On January 24, 2014, Petitioner filed the Petition for Writ of Habeas Corpus that is now pending before this Court. From October 2, 2013 (the date the California

---

[4] A decision of the California Supreme Court is final upon filing. Phelps v. Alameda, 366 F.3d 722, 724 (9th Cir. 2004); Cal. Rules of Court, Rule 8.532(b)(2)(A). There is no 30-day in finality as Petitioner suggests.

1 Supreme Court denied the properly filed Petition for Writ
2 of Habeas Corpus) to January 24, 2014, **(114 days)**, the
3 statute of limitations was not tolled because there was no
4 case pending during that interval. <u>Nino</u>, 183 F.3d at 1006.

5 　　　　Adding together the three periods of time when the
6 statute of limitations was **not tolled** (**200 days + 131 days**
7 **+ 114 days)**, results in a total of **445 days (1 year 2**
8 **months, 20 days)**, which is beyond the one year statute of
9 limitations mandated by 28 U.S.C. § 2244(d)(1)(A). Accord-
10 ingly, Petitioner failed to file his Petition for Writ of
11 Habeas Corpus in a timely fashion and it is therefore
12 barred.

13 　　　　2.　<u>Petitioner is Not Entitled to Equitable Tolling
　　　　　　of the Statute of Limitations</u>
14 　　　　Petitioner argues that he is entitled to equitable
15 tolling of the statute of limitations because he is
16 ignorant of the law, he has a low level of reading and
17 comprehension, he has been diligent, and that there is a
18 greater availibility of research tools available to
19 Respondent than is available to him.

20 　　　　Respondent argues that Petitioner is not entitled to
21 equitable tolling of the statute of limitations.

22 　　　　The U.S. Supreme Court has held that equitable
23 tolling is available under 28 U.S.C. § 2244(d). <u>see</u>
24 <u>Holland v. Florida</u>, 560 U.S. 631, 648 (2010). In <u>Holland</u>,
25 the Court recognized equitable tolling of the AEDPA one-
26 year limitations period when the prisoner can show "(1)
27 that he has been pursuing his rights diligently, and (2)
28 that some extraordinary circumstance stood in his way."

Id. at 649 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that AEDPA's one-year statute of limitations is subject to equitable tolling. Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth Circuit in Beeler noted that "equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. [quoting Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)]. The Beeler court wrote that district judges must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." Id. at 1289.

The burden is on Petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). Equitable tolling "is unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." Roy v. Lampert, 465 F.3d 964, 972 (9th Cir. 2006) citing Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). When courts assess a habeas petitioner's argument in favor of equitable tolling, they must conduct a "highly fact-dependent" inquiry. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). The extraordinary circumstances must be the "but-for and proximate cause" of the untimely filing. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001).

Petitioner's ignorance of the law is not an extraordinary circumstance that warrants equitable tolling of the statute of limitations. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, fn. 4 (9th Cir. 2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Therefore, Petitioner is not entitled to equitable tolling of the statute of limitations in this regard.

Nor is Petitioner's alleged low level of reading and comprehension an extraordinary circumstance beyond his control that made it impossible to file a petition on time. Petitioner filed petitions for writs of habeas corpus in the California Superior, Appellate, and Supreme Courts and in this Court, as well as an Opposition to Respondent's Motion to Dismiss, that clearly show that Petitioner understands the claims he has made about his

underlying convictions, and the subject of Respondent's Motion To Dismiss. Since Petitioner has filed the documents noted above, he has failed to show how his alleged low level of reading and comprehension have affected his ability to proceed in this case. Therefore, Petitioner is not entitled to equitable tolling of the statute of limitations in this regard. Gaston v. Palmer, 417 F.3d 1030, 1034-1035 (9th Cir. 2005), modified on other grounds, 447 F.3d 1165 (9th Cir. 2006).

Moreover, that a greater availability of research tools is available to Respondent, than is available to Petitioner, is not an extraordinary circumstance beyond Petitioner's control that made it impossible to file a petition on time. The circumstances alleged by Petitioner "are hardly extraordinary given the vicissitudes of prison life, and there is nothing in the record to suggest that they made it impossible to file on time." Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010), Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). Petitioner does not explain how greater availability of research tools available to Respondent affected the availability he had to research tools. During the time that Petitioner filed petitions for writ of habeas corpus in the California Superior, Appellate, and Supreme Courts and in this Court, as well as an Opposition to Respondent's Motion to Dismiss, Petitioner presumably had access to a law library that had all the research tools he may have needed.

Therefore, Petitioner is not entitled to equitable tolling of the statute of limitations in this regard.

As a result of the foregoing, the Court finds that Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations. Accordingly, the Court declines to equitably toll the statute of limitations and finds that his Petition for Writ of Habeas Corpus filed in this Court is untimely.

Consequently, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

## III

### CONCLUSION AND RECOMMENDATION

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the AEDPA's statute of limitations and that he is not entitled to equitable tolling of the statute of limitations. 28 U.S.C.A. § 2244(d).

Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss is GRANTED. Further, the Court RECOMMENDS that Petitioner's Motion for Evidentiary Hearing and Motion to Strike be DENIED.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than June 5, 2014, any party to this action may file written objections with the

1  Court and serve a copy on all parties. The document
2  should be captioned "Objections to Report and Recommenda-
3  tion."
4      **IT IS FURTHER ORDERED** that any reply to the objec-
5  tions shall be filed with the Court and served on all
6  parties no later than <u>June 19, 2014</u>. The parties are
7  advised that failure to file objections within the speci-
8  fied time may waive the right to raise those objections on
9  appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
10 1153 (9th Cir. 1991).

DATED: May 5, 2014

                              Hon. William V. Gallo
                              U.S. Magistrate Judge