**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KYLE NOWLING,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br><br><br>AMY MILLER, Warden,<br><br>　　　　　　　　　Respondent. | CASE NO. 14cv226-MMA (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 10]<br><br>**OVERRULING PETITIONER'S OBJECTIONS**<br><br>[Doc. No. 11]<br><br>**GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 7]<br><br>**DISMISSING PETITIONER'S PETITION WITH PREJUDICE**<br><br>[Doc. No. 1] |

　　　Petitioner Kyle Nowling, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254, challenging his underlying state court conviction. *See* Doc. No. 1. Respondent moved to dismiss the petition, contending that the statute of limitations under 28 U.S.C. § 2244(d) barred the petition as untimely. *See* Doc. No. 7. Petitioner filed an opposition. Doc. No. 9.

The matter was referred to United States Magistrate Judge William V. Gallo for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2. Judge Gallo issued a thorough and well-reasoned Report recommending the Court grant Respondent's motion to dismiss the petition as untimely. *See* Doc. No. 10. Petitioner filed objections to the Report and Recommendation. *See* Doc. No. 11.

## DISCUSSION

### *1. Standard of Review*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### *2. Analysis*

In his objections, Petitioner asserts two circumstances that he contends entitle him to equitable tolling. For equitable tolling to apply, a petitioner must demonstrate (1) "reasonable diligence" in pursuing his rights and (2) "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Holland v. Florida*, 560 U.S. 631, 653 (2010); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

First, Petitioner asserts that the Court should equitably toll the statute of limitations based on his appellate counsel's failure to file a petition for direct review of his conviction in the California Supreme Court. Although an attorney's

sufficiently egregious misconduct may constitute an "extraordinary circumstance" to warrant equitable tolling, Petitioner has failed to demonstrate both the requisite egregious attorney misconduct and his own reasonable diligence. *See Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *see Spitsyn*, 345 F.3d at 800–02 (finding the lawyer's misconduct was sufficiently egregious to constitute an "extraordinary circumstance" for the purpose of equitable tolling where the lawyer denied the petitioner access to files, failed to prepare a petition, and did not respond to the petitioner's communications). Here, Petitioner sent letters dated April 9, 2012 and April 12, 2012, requesting his attorney "re-open" his appeal by petitioning review to the California Supreme Court. In a letter dated April 16, 2012—before the time for appealing the Court of Appeal's decision had expired—his appellate counsel responded that due to the lack of merit of any potential appeal, he had "no plans to re-open [Petitioner's] case" and that Petitioner's "appeal is over." *See* Doc. No. 8 - 17 at 85. The letter also informed Petitioner that in order to pursue a claim for ineffective assistance of counsel, Petitioner must file a petition for writ of habeas corpus and further cautioned:

> Please remember that a petition for writ of habeas corpus must be filed within a reasonable time; you cannot delay in raising a claim. . . . Because your appeal is already over, if you are going to file a petition, **you must file it as soon as possible.**

*Id.* (emphasis in original). The behavior of Petitioner's appellate counsel falls far short of the "sufficiently egregious misconduct" required to constitute an extraordinary circumstance for the purpose of equitable tolling. *See Spitsyn*, 345 F.3d at 800–01.

Petitioner has also failed to demonstrate he acted with reasonable diligence in pursuing his rights. Petitioner learned of the need to file a habeas petition in April 2012. Although Petitioner indicated in a letter dated May 1, 2012 that he had already started drafting a habeas petition, he did not file his habeas petition in California superior court until November 7, 2012—over 6 months later. *See* Doc.

No. 8-17 at 89. Petitioner does not allege any facts to excuse the delay or to demonstrate his purported diligence. The Court therefore finds Petitioner did not act with reasonable diligence to warrant equitable tolling. *Cf. Holland*, 560 U.S. at 653 (finding the petitioner was reasonably diligent where he prepared his own habeas petition on the same day he discovered that his attorney failed to file a petition).

Second, Petitioner asserts that his low-level reading skills are extraordinary circumstances that warrant equitable tolling. However, Petitioner has not shown his low-level reading skills caused his delay in filing his federal habeas petition. Indeed, Petitioner concedes that he has an 11th grade education and reads at an 8.7 grade level. *See* Pet. at 40; Objection at 4. Further, although Petitioner claims to have received assistance from another inmate in drafting various filings including "The Supplement, Opposition, and Objection" in this federal habeas case, Petitioner managed to file his state habeas petition and write various letters to his attorney regarding his case, despite his purported difficulties. Thus, Petitioner's low-level reading and comprehension skills do not constitute extraordinary circumstances to justify equitable tolling. *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986); *Hemenway v. Washington*, 409 F. App'x 93, 94 (9th Cir. 2010); *Lopez v. Felker*, 536 F. Supp. 2d 1154, 1159 (C.D. Cal. 2008).

The Court therefore **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety. The Court further **DECLINES** to issue a certificate of appealability as to any claims or issues raised in his petition.

///
///
///
///
///
///
///

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation in its entirety, **OVERRULES** Petitioner's Objections, **GRANTS** Respondent's Motion to Dismiss, and **DISMISSES** Petitioner's petition with prejudice. The Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

DATED: June 24, 2014

Hon. Michael M. Anello
United States District Judge